# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THUY VAN VO, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 21-1621 |
| ) | |
| v. ) | Magistrate Judge Maureen P. Kelly |
| ) | |
| ROBERT GILMORE; ) | |
| WILLIAM NICHOLSON; MICHAEL HICE; ) | |
| JAMES FETTERMAN; *and* SECURE CARE, ) | |
| ) | |
| Defendants. ) | |

## ORDER REASSIGNING CASE

Plaintiff Thuy Van Vo ("Plaintiff") is a state prisoner currently incarcerated at the State Correctional Institution, Phoenix ("SCI-Phoenix"), in Collegeville, Pennsylvania. On November 9, 2021, this Court received Plaintiff's Motion and Declaration in Support of Motion to Proceed *in Forma Pauperis* ("IFP Motion"), ECF No. 1, and civil rights Complaint, ECF No. 1-2. Plaintiff complains of alleged constitutional violations arising from acts or omissions occurring on October 30, 2019.

In the Complaint, Plaintiff alleges that the present matter is related to Vo v. Corrections Officer Eddie, Civil Action No. 20-1521, and Vo v. Gilmore, Civil Action No. 18-1364.

Upon review of the Complaint of this matter, it is apparent that this case arises under similar or related alleged occurrences to those alleged in the complaint in Civil Action No. 20-1521 – which also arose on October 30, 2019. In contrast, the events underlying to operative complaint in Civil Action No. 18-1364, occurred between March and August of 2018, and predate the facts underlying the present matter by more than a year.

Local Rules of Court 40.D provides, in pertinent part:

> D. Related Actions. At the time of filing any civil or criminal action or entry of appearance or filing of the pleading or motion of any nature by defense counsel, as the case may be, counsel shall indicate on an appropriate form whether the action is related to any other pending or previously terminated actions in this Court. Relatedness shall be determined as follows:
>
> * * * * *
>
> 2. civil actions are deemed related when an action filed relates to property included in another action, or involves the same issue of fact, or it grows out of the same transaction as another action, or involves the validity or infringement of a patent involved in another action[;]

LCvR 40.D.2.  Further, LCvR 40.E.1 and 2 state:

> 1. If the fact of relatedness is indicated on the appropriate form at time of filing, the Clerk of Court shall assign the case to the same Judge to whom the lower numbered related case is assigned, who may reject the assignment if the Judge determines that the cases are not related or the assignment does not otherwise promote the convenience of the parties or witnesses or the just and efficient conduct of the action.
>
> 2. If the fact of relatedness is not indicated on the appropriate form at time of filing, after a case is assigned, the assigned Judge may transfer the later-filed case to the Judge who is assigned the lower-numbered related case, (i) sua sponte, (ii) upon motion of a party, and/or (iii) upon suggestion of any other Judge in this Court, if the Judge assigned the later-filed case(s) determines that the cases are related or the transfer would promote the convenience of the parties or witnesses or the just and efficient conduct of the action.

Based on this local rule, the undersigned concludes that this case is not related to Civil Action No. Civil Action No. 18-1364.  Instead, this case "involves the same issue of fact, or it grows out of the same transaction" as in Civil Action No. 20-1521.

Pursuant to Local Civil Rule 40.D and E, IT IS HEREBY ORDERED that the Clerk's Office is directed to transfer this related case to Chief United States Magistrate Judge Cynthia Reed Eddy.

Date:  November 16, 2021 　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　　*/s/ Mauren P. Kelly*
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

cc:　THUY VAN VO
　　　KJ-8911
　　　SCI-PHOENIX
　　　1200 MOKYCHIC DRIVE
　　　COLLEGEVILLE, PA 19426