IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

THUY VAN VO,

    Plaintiff,

    vs.

ROBERT GILMORE, et al,

    Defendants.

**_FILED ELECTRONICALLY_**

CIV. ACTION NO. 2:21-CV-01621

## <u>ANSWER AND AFFIRMATIVE DEFENSES</u>

Now come, Defendants Michael Hice, James Fetterman, and Wellpath, LLC[1] (collectively hereinafter "Answering Defendants") by and through their attorneys, Weber Gallagher Simpson Stapleton Fires & Newby, LLP, and file the within Answer and Affirmative Defenses to Plaintiff's Complaint (ECF No. 8):

**I.**    **Parties in this Complaint:**

A. Plaintiff

Admitted, upon information and belief.

B.    Defendants

It is admitted that Defendants Hice and Fetterman worked at SCI-Greene.  It is further admitted that Wellpath, LLC was the medical services contractor to the Pennsylvania Department of Corrections, including SCI-Greene, during the relevant

---

[1] The Complaint misidentifies Wellpath, LLC as "Secure Care."

allegations.  The remaining allegations set forth by the corresponding paragraph are denied inasmuch as they are directed to other parties.

## II.    Statement of Claims

(A-D).  Upon a reasonable investigation, the corresponding subparagraphs of the corresponding section to Plaintiff's Complaint are denied because Defendants do not have sufficient information or recollection to form a response to the allegations.  Further, to the extent the corresponding paragraphs include allegations regarding Plaintiff's medical treatment, the best evidence of his treatment, and any medical decisions which have been made on his behalf, are his medical records which are documents that speak for themselves.  As such, Answering Defendants deny the allegations set forth by the corresponding paragraphs of Plaintiff's Complaint.

## III.    Injuries

Denied as stated.   To the extent the corresponding paragraphs include allegations regarding Plaintiff's medical treatment, the best evidence of his treatment, and any medical decisions which have been made on his behalf, are his medical records which are documents that speak for themselves.   As such, Answering Defendants deny the allegations set forth by the corresponding paragraphs of Plaintiff's Complaint.

**IV.    Exhaustion of Administrative Remedies**

(A-G).   The corresponding subparagraphs of Section IV of Plaintiff's Complaint include legal conclusions to which no response is necessary.  To the extent a response is deemed necessary or required, Answering Defendants deny any allegations set forth by the corresponding subparagraphs at Section IV of Plaintiff's Complaint.

**V.    Relief**

The corresponding Section of Plaintiff's Complaint includes legal conclusions, or legal requests for relief, to which no response is necessary.  To the extent a response is deemed necessary or required, Answering Defendants deny any allegations set forth by the corresponding Section of Plaintiff's Complaint.

**VI.    Previous Lawsuits**

(A-D).  Upon a reasonable investigation, the corresponding subparagraphs of the corresponding section to Plaintiff's Complaint are denied because Defendants do not have sufficient information or recollection to form a response to the allegations.  As such, Answering Defendants deny the allegations set forth by the corresponding paragraphs of Plaintiff's Complaint.

## I.     JURISDICTION & VENUE[2]

1-2.    It is generally admitted that Jurisdiction and Venue are proper with this Court.

## II.     PLAINTIFF

3.    Admitted, upon information and belief.

## III.    DEFENDANTS

4-5.   The corresponding paragraphs of Plaintiff's Complaint are directed to other parties, and, upon information and belief, no response is required of Answering Defendants.   To the extent that a response is deemed necessary, Answering Defendants deny the allegations set forth by the corresponding paragraphs of Plaintiff's Complaint.

6.    It is admitted that Defendant Hice worked at SCI-Greene.   The remaining allegations set forth by the corresponding paragraph are denied inasmuch as they are legal conclusions.

7.    It is admitted that Defendant Fetterman worked at SCI-Greene as a certified registered nurse practitioner.   The remaining allegations set forth by the corresponding paragraph are denied inasmuch as they are legal conclusions.

_____

[2] The following Sections of Plaintiff's Complaint begin at page 9 of the document.  (ECF No. 8, p. 9).

8.     It is admitted that Wellpath, LLC is the contracted medical services provider to the Pennsylvania Department of Corrections, including SCI-Greene.  The remaining allegations of this paragraph are denied as stated.

9.     The corresponding paragraph of Plaintiff's complaint includes a legal conclusion to which no response is necessary.  To the extent that a response is deemed necessary, Answering Defendants deny the allegations set forth by the corresponding paragraphs of Plaintiff's Complaint.

## IV.   FACTS

10-13.     Answering Defendants deny the allegations in corresponding paragraphs of Plaintiff's Complaint, as stated.  Plaintiff's complete medical records provide the best evidence as to Plaintiff's actual symptoms, diagnoses, and treatment plan which speak for themselves. Further, to the extent that the corresponding paragraphs of Plaintiff's Complaint state legal conclusions, no response is required. Answering Defendants otherwise deny the allegations of the corresponding paragraphs of Plaintiff's Complaint.

## V.   EXHAUSTION OF REMEDIES

14.     The corresponding paragraph of Plaintiff's Complaint sets forth legal conclusions to which no response is necessary.  To the extent a response is deemed necessary or required, Answering Defendants deny any allegations set forth by the corresponding paragraph of Plaintiff's Complaint.

## VI.   LEGAL CLAIMS

15.    Answering Defendants incorporate their responses to the preceding paragraphs of Plaintiff's Complaint as if fully set forth herein.

16-20.  The corresponding paragraphs of Plaintiff's Complaint set forth legal conclusions to which no response is necessary.  To the extent a response is deemed necessary or required, Answering Defendants deny any allegations set forth by the corresponding paragraphs of Plaintiff's Complaint.

## VII.  PRAYER FOR RELIEF

21-22.  The corresponding paragraphs, and any subparagraphs, of Plaintiff's Complaint set forth legal conclusions, or legal requests for relief, to which no response is necessary.  To the extent a response is deemed necessary or required, Answering Defendants deny any allegations set forth by the corresponding paragraphs, as well as any subparagraphs, of Plaintiff's Complaint.

WHEREFORE, Answering Defendants—Michael Hice, James Fetterman, and Wellpath, LLC—seek judgment in their favor and against Plaintiff, dismissing Plaintiff's Complaint together with an award of costs and disbursements incurred by Answering Defendants, including attorneys' fees together with such other relief in favor of Answering Defendants as this Honorable Court shall deem appropriate under the circumstances.

**JURY TRIAL DEMANDED**

### *AFFIRMATIVE DEFENSES*

### FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims may be barred by the applicable statute of limitations, they must be dismissed.

### SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to fully and properly exhaust available administrative remedies as to Answering Defendants and/or as to any or all matters complained of in his Complaint, Plaintiff's claims against Answering Defendants are barred by the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

### THIRD AFFIRMATIVE DEFENSE

Answering Defendants plead as defenses all limitations on damages imposed by 42 U.S.C. §1997e, including the limitation on recovery for mental or emotional injury, and the limitation on attorneys' fees.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim for relief or cause of action upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

At no time did Answering Defendants deprive Plaintiff of any right as protected under the Eighth Amendment to the United States Constitution, 42 U.S.C.A. § 1983 or any other state or federally protected right or privilege.

## SIXTH AFFIRMATIVE DEFENSE

At no time did Answering Defendants demonstrate any indifference, deliberate or otherwise, toward any legitimate and/or serious medical need of the Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

At no time did Answering Defendants fail to provide necessary medical care or otherwise refuse to treat or intentionally maltreat Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

At all times, Plaintiff was provided reasonable and appropriate treatment in accordance with applicable state and federal laws and the United States Constitution and the Constitution of the Commonwealth of Pennsylvania.

## NINTH AFFIRMATIVE DEFENSE

Any injuries and/or damages actually sustained by Plaintiff, which are herein specifically denied, were caused by himself or other persons, entities or events, over which Answering Defendants had no control or duty to control.

## TENTH AFFIRMATIVE DEFENSE

The treatment afforded to Plaintiff by Answering Defendant was, at all material times, in accordance with the applicable standards of professional medical care.

## ELEVENTH AFFIRMATIVE DEFENSE

Answering Defendants plead all defenses afforded to it pursuant to the MCARE Act at 40 P.S. 1303.101 et seq.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to allege and/or set forth a cognizable claim for punitive damages and/or exemplary damages against Answering Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action is barred in whole or reduced in part by the applicable doctrines of assumption of the risk, comparative negligence, and/or contributory negligence.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to allege and/or set forth a cognizable claim for a violation of 42 U.S.C. § 1983.

## FIFTEENTH AFFIRMATIVE DEFENSE

Answering Defendants raise the defense of qualified immunity to the extent it may be deemed to apply.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff is foreclosed from seeking monetary damages, as he has failed to exhaust his administrative remedies through DC-ADM 804 for any monetary relief he may seek in this action.  Wright v. Sauers, 2017 WL 3731957 (W.D. Pa. 2017);

<u>Mobley v. Snyder</u>, 2015 WL 5123909 at *7-9 (M.D. Pa. 2015); <u>Sanders v. Beard</u>, 2013 WL 1703582 at *6 (M.D. Pa. 2013).

<u>**SEVENTEENTH AFFIRMATIVE DEFENSE**</u>

Answering Defendants reserve the right to amend their Answer and Affirmative Defenses to Plaintiff's Complaint and to assert each and every affirmative defense as provided by Rules 8 and 12(b) of the Federal Rules of Civil Procedure or otherwise as the facts of this case are developed after investigation and discovery.

Respectfully submitted,

WEBER GALLAGHER SIMPSON STAPLETON
FIRES & NEWBY LLP

By:   /s/ Benjamin M. Lombard
       Benjamin M. Lombard, Esquire
       blombard@wglaw.com
       PA I.D. 322376

       Samuel H. Foreman, Esquire
       sforeman@wglaw.com
       PA I.D. 77096

       Four PPG Place, 5th Floor
       Pittsburgh, PA 15222
       T: (412) 281-4541
       F: (412) 281-4547

## <u>CERTIFICATE OF SERVICE</u>

I, Benjamin M. Lombard, Esquire, hereby certify that on this date a true and correct copy of the foregoing **<u>ANSWER AND AFFIRMATIVE DEFENSES</u>** was served upon the following either by CM/ECF notice or by First Class U.S. Mail:

***By U.S. Mail only to:***

Thuy Van Vo, KJ-8911
Smart Communications
SCI-Phoenix
PO Box 33028
St Petersburg, FL  33733

***By CM/ECF Notice only to:***

Scott A. Bradley, Esq.
PA Office of Attorney General
1521 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222

    <u>/s/ Benjamin M. Lombard</u>
    Benjamin M. Lombard, Esquire

Dated: <u>July 21, 2022</u>