IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THUY VAN VO,<br><br>                 Plaintiff,<br><br>vs.<br><br>ROBERT GILMORE, WILLIAM NICHOLSON, MICHAEL HICE, JAMES FETTERMAN and SECURE CARE,<br><br>                 Defendants. | No. 2:21-cv-01621-CRE<br><br>Magistrate Judge Eddy<br><br><br><br>*Electronically Filed.* |

## ANSWER TO COMPLAINT

AND NOW, come the Defendants, Gilmore and Nicholson ("the Answering Defendants"), by their attorneys, Scott A. Bradley, Senior Deputy Attorney General, and Karen M. Romano, Chief Deputy Attorney General, Chief Litigation Section, and submit the following answer to Plaintiff's Complaint [ECF 8]:

## FIRST DEFENSE

The Answering Defendants respond to Plaintiff's factual allegations[1] as follows:

### I. Parties in this complaint

1.A  Paragraph 1.A. is admitted.

1.B.  To the extent directed to the Answering Defendants, Paragraph 1.B. is admitted.

### II. Statement of Claim

2.A.  Paragraph 2A is admitted to the extent that it identifies SCI-Greene as the institution in which the alleged incident occurred.

---

[1] In presenting his Complaint [ECF 8], Plaintiff has also incorporated a form complaint, at pages 1 through 8. The Answering Defendants will respond to all aspects of the complaint.

2.B.  Paragraph 2B is admitted to the extent that it identifies Housing Block C-A, the Infirmary and the Restricted Housing Unit as the location(s) within SCI-Greene where the alleged incident occurred.

2.C.  Paragraph 2C is admitted to the extent that it identifies October 30, 2019, as the date when the alleged incident occurred.

2.D.  Paragraph 2D is denied as stated; however, it is admitted that Plaintiff was involved in an incident with another inmate on October 30, 2019, which required Plaintiff to receive subsequent medical care and treatment.  By way of further response, Plaintiff's complete medical records provide the best evidence as to Plaintiff's actual symptoms, diagnoses, and treatment plan, which speak for themselves.  Finally, it is specifically denied that the Answering Defendants either outright denied adequate medical care, unreasonably delayed medical treatment, or offered inadequate medical treatment to Plaintiff at any time and strict proof is demanded.

## III.  Injuries

3.  Paragraph 3 is denied and strict proof is demanded.  By way of further response, Plaintiff's complete medical records provide the best evidence as to Plaintiff's actual symptoms, diagnoses, and treatment plan which speak for themselves.  Finally, it is specifically denied that the Answering Defendants either outright denied adequate medical care, unreasonably delayed medical treatment, or offered inadequate medical treatment to Plaintiff at any time and strict proof is demanded.

## IV. Exhaustion of Administrative Remedies

4.A.  Paragraph 4A is admitted.

4.B.  Paragraph 4B is admitted.

4.C.  Paragraph 4C is admitted.

4.D.  Paragraph 4D is admitted.

4.E.  Paragraph 4E contains conclusions of law, to which no response is required.  To the extent a response is required, any allegations of fact in this paragraph are denied and strict proof is demanded.

**V.  Relief**

5.  Paragraph 5 is a statement of the relief sought by Plaintiff in this action, to which no response is required.  To the extent a response is required, any allegations of fact in this paragraph are denied and strict proof is demanded.

**VI.  Previous lawsuits**

6.A.  Paragraph 6A is admitted.

6.B.  Paragraph 6B and all of its subparts are admitted.  By way of further response to Paragraph 6.B.7., see Settlement Agreement and Release (attached hereto as Exhibit A) in the matter of *Thuy Vo vs. Corrections Officer Eddy*, at WDPA No. 2:20-cv-01521-CRE.

6.C.  Paragraph 6C is admitted.

6.D.  Paragraph 6D is admitted.

WHEREFORE, the Answering Defendants deny any and all liability to the Plaintiff and demands judgment in their favor with costs.

The Answering Defendants further respond to Plaintiff's factual allegations beginning at Page 9 of the Complaint [ECF 8] as follows:

## I. JURISDICTION AND VENUE

1. Paragraph 1 states a legal conclusion regarding the statutory basis for Plaintiff's claims and this Court's jurisdiction over such claims, to which no response is required. To the extent a response is required, any allegations of fact in this paragraph are denied and strict proof is demanded.

2. Paragraph 2 states a legal conclusion regarding the appropriate venue for Plaintiff's claim, to which no response is required. To the extent a response is required, any allegations of fact in this paragraph are denied and strict proof is demanded.

## II. PLAINTIFF

3. Paragraph 3 is admitted.

## III. DEFENDANTS

4. Paragraph 4 is admitted only to the extent that it avers that Defendant Gilmore was formerly the Superintendent at the State Correctional Institution at Greene. All other averments of fact in this paragraph are denied and strict proof is demanded.

5. Paragraph 5 is admitted only to the extent that it avers that Defendant Nicholson was the Corrections Health Care Administrator at the State Correctional Institution at Greene. All other averments of fact in this paragraph are denied and strict proof is demanded.

6. Paragraph 6 is not directed to the Answering Defendants; accordingly, no response is required.

7. Paragraph 7 is not directed to the Answering Defendants; accordingly, no response is required.

8. Paragraph 8 is not directed to the Answering Defendants; accordingly, no response is required.

9. To the extent directed to the Answering Defendants, Paragraph 9 contains conclusions of law, to which no response is required. To the extent a response is required, any allegations of fact in this paragraph are denied and strict proof is demanded.

**IV.  FACTS**

10. Paragraph 10 is denied as stated; however, it is admitted that Plaintiff was involved in an incident with another inmate on October 30, 2019, which required Plaintiff to receive subsequent medical care and treatment. By way of further response, Plaintiff's complete medical records provide the best evidence as to Plaintiff's actual symptoms, diagnoses, and treatment plan which speak for themselves. All other averments of fact in this paragraph are denied and strict proof is demanded.

11. To the extent directed to the Answering Defendants, after reasonable investigation, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph, therefore, said allegations are deemed to be denied and strict proof is demanded. By way of further response, Plaintiff's complete medical records provide the best evidence as to Plaintiff's actual symptoms, diagnoses, and treatment plan, which speak for themselves.

12. To the extent directed to the Answering Defendants, Paragraph 12 is denied and strict proof is demanded. By way of further response, Plaintiff's complete medical records provide the best evidence as to Plaintiff's actual symptoms, diagnoses, and treatment plan, which speak for themselves.

13. To the extent directed to the Answering Defendants, Paragraph 13 is admitted to the extent that there is video surveillance of the incident. All other averments of fact in this paragraph are denied and strict proof is demanded.

## V. EXHAUSTION OF REMEDIES

14. Paragraph 45 is denied as stated; however, it is admitted that Plaintiff filed Inmate Grievance No. 833680. By way of further response, as a written document, Inmate Grievance No. 833680 speaks for itself.

## VI. LEGAL CLAIMS

15. Paragraph 15 is a statement of incorporation, to which no response is required. However, to the extent a response is required, any and all allegations of fact in this paragraph are denied and strict proof is demanded.

16. Paragraph 16 states a legal conclusion, to which no response is required. To the extent a response is required, any allegations of fact in this section are denied and strict proof is demanded.

17. Paragraph 17 states a legal conclusion, to which no response is required. To the extent a response is required, any allegations of fact in this section are denied and strict proof is demanded.

18. Paragraph 18 is denied as stated; therefore, it denied and strict proof is demanded. By way of further response, as a written policy, the DOC's 13.2.1 (Access to Health Care) policy speaks for itself.

19. Paragraph 19 states a legal conclusion, to which no response is required. To the extent a response is required, any allegations of fact in this section are denied and strict proof is demanded.

20.  Paragraph 20 states a legal conclusion, to which no response is required.  To the extent a response is required, any allegations of fact in this section are denied and strict proof is demanded.

WHEREFORE, the Answering Defendants deny any and all liability to the Plaintiff and demands judgment in their favor with costs.

## VII.  PRAYER FOR RELIEF

21.  Paragraph 21 is a statement of the relief sought by Plaintiff in this action, to which no response is required.  To the extent a response is required, any allegations of fact in this section are denied and strict proof is demanded.

WHEREFORE, the Answering Defendants deny any and all liability to the Plaintiff and demands judgment in their favor with costs.

### SECOND DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### THIRD DEFENSE

The Answering Defendants lack the necessary personal involvement in the constitutional violations alleged in this matter.

### FOURTH DEFENSE

At no time did the Answering Defendant deprive Plaintiff of any rights, privileges or immunities secured by the Constitution or laws of the United States or the laws of the Commonwealth of Pennsylvania.

### FIFTH DEFENSE

The Plaintiff was not deprived of any rights under the Eighth Amendment.

### SIXTH DEFENSE

The Eleventh Amendment protects the Answering Defendants against any and all claims brought against them in their respective official capacity.

### SEVENTH DEFENSE

The Answering Defendants were at all times acting in good faith and in an objectively reasonable manner and did not violate any clearly established federal right of Plaintiff. Therefore, the Answering Defendants are entitled to qualified immunity.

### EIGHTH DEFENSE

The Answering Defendants assert the defense of accord and satisfaction in this matter. Indeed, Plaintiff entered into a Settlement Agreement and Release (attached hereto as Exhibit A) in a related case filed in this Court in the matter of *Thuy Vo vs. Corrections Officer Eddy*, at WDPA No. No. 2:20-cv-01521-CRE. Accordingly, the Answering Defendants submit that the claims asserted against the Answering Defendants in the instant matter have been resolved.

### NINTH DEFENSE

The Answering Defendants assert the defense of release in this matter. Indeed, Plaintiff entered into a Settlement Agreement and Release (attached hereto as Exhibit A) in a related case filed in this Court in the matter of *Thuy Vo vs. Corrections Officer Eddy*, at WDPA No. 2:20-cv-01521-CRE. The Answering Defendants submit that the claims asserted against the Answering Defendants in the instant matter have been released.

### TENTH DEFENSE

The Answering Defendants assert all available privileges for their conduct insofar as it is material to the allegations made in this case.

## ELEVENTH DEFENSE

The Answering Defendants lack the necessary personal involvement in the constitutional violations alleged in this matter.

## TWELFTH DEFENSE

The Answering Defendants reserve any and all defenses set forth at Fed. R.Civ. P. 8(c)(1).

## THIRTEENTH DEFENSE

The Answering Defendants reserve the right to amend this Answer to assert additional defenses that may become apparent during investigation or discovery.

WHEREFORE, the Answering Defendants deny any and all liability to the Plaintiff and demands judgment in their favor with costs.

Respectfully submitted,

JOSH SHAPIRO
Attorney General

Office of Attorney General
Mezzanine Level
1251 Waterfront Place
Pittsburgh, PA 15222
Phone: (412) 565-3586
Fax:     (412) 565-3019

Date:  July 22, 2021

s/ Scott A. Bradley
Scott A. Bradley
Senior Deputy Attorney General
Attorney I.D. No. 44627

Karen M. Romano
Chief Deputy Attorney General